## JOHN T. MILLER v. BENJ. D. BARNES, GUARDIAN.

**Guardian and Ward—Suit by Foreign Guardian—Parties.**

In a suit by a foreign guardian against the domestic guardian the ward need not· be made a party thereto.

**Guardian and Ward—Presumption of Infancy.**

In a suit by a foreign guardian against a resident guardian, it will be presumed that the ward is still an infant, especially where the defendant failed to controvert the fact.

**Guardian and Ward—Suit by Foreign Guardian—Prima Facie Evidence.**

In a suit by a foreign guardian against a resident guardian, a copy of the probate proceedings showing the subsequent appointment of plaintiff as guardian on removal of the ward to the other state, is prima facie evidence of plaintiff's right to relief, and it devolves on the defendant to show the contrary.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 21, 1873.

'OPINION BY JUDGE PETERS:

The facts stated in the petition constitute a cause of action, and would authorize a recovery according to the ruling of this court in the case of *Martin v. McDonald,* 14 B. M. 437.

The following facts are admitted in express· terms, or by failing to deny them in the answer, that Emma Miller had been a resident of Kentucky, and that while a resident of Fayette County, Kentucky, appellant was appointed her guardian by the proper court; that in February, 1870, she was a resident of Jackson County, Missouri, and that on the 10th day of March, 1870, appellant had in his hands as guardian of his ward the sum of $2,478.67, as shown by his settlement with the Fayette County Court.

This suit was brought on the 2d of June, 1870, by appellee, guardian of Emma Miller against appellant for the money of the ward in his hands, and it is insisted that the suit should have been in the name of the ward, or that she should have been a party to it. In *Martin v. McDonald, supra,* the suit was brought by the foreign guardian against the resident guardian without making the ward

a party at all and the petition was adjudged good on demurrer. And in the case of *Bates v. Culver,* 17 B. M. 158, and *Swaggee v. Miller,* Ib. 564, the same doctrine is approved, and these cases are in harmony with and conform to the law as prescribed in Sec. 33, Civil Code.

The suit was instituted on the 2d of June, 1870, and from the record evidence in this transcript it appears that appellee was appointed guardian on the 23d of February preceding, and although it is not expressly alleged that the said Emma was an infant at the institution of the suit, still as this suit was instituted so recently after the appointment of appellee as guardian we may assume that she was an infant when the suit was brought, and especially as appellant failed to controvert the fact in his answer when from his relation as guardian and uncle he may be presumed to know whether or not she had attained to 21 years of age.

The copy of the record from the probate court of the county of Jackson, Missouri, showing the appointment of appellee as guardian of Emma Miller, authenticated according to Sec. 18, Chapter 35, 1 R. S. 468 (Ky. Statutes, Sec. 1635), is evidence *prima facie* of his right to the relief sought by him, and devolved on appellant the burden of showing the contrary, which he has failed to do.

Wherefore the judgment must be *affirmed.*

*Gibson, Falconer, for appellant.*

*C. D. Carr, for appellees.*